**United States District Court**
For the Northern District of California

1

2

3

4

5         UNITED STATES DISTRICT COURT

6         NORTHERN DISTRICT OF CALIFORNIA

7

8   MIKE T. CHEEK,                                    No. C 07-1674 MHP (pr)

9              Plaintiff,                             **ORDER OF DISMISSAL**

10          v.

11  ARNOLD SCHWARZENEGGER;
    et al.,
12

             Defendants.
13
    _____/
14

15                          **INTRODUCTION**

16          Mike T. Cheek, in custody in the Santa Cruz County Jail in connection with civil

17  commitment proceedings under California's sexually violent predator law, see Cal. Welf. &

18  Inst. Code §§ 6600 - 6609.3 ("SVPA"), filed this pro se civil rights action under 42 U.S.C. §

19  1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915. His in

20  forma pauperis application also is before the court for review.

21                          **BACKGROUND**

22          Cheek was civilly committed under the SVPA in January 2007. When he filed his

23  complaint, he was in the Santa Cruz County Jail, but apparently has been moved because

24  mail sent to him at that address has been returned to the court undelivered.

25          Cheek alleges in his complaint that his rights were violated by the application to him

26  of a law that was "made law" by defendant Schwarzenegger, applied to him by defendant

27  Santa Cruz County Board of Supervisors, and causes his illegal confinement by the defendant

28  Sheriff. The law to which he refers apparently is the amended version of the SVPA that went

1   into effect in September 2006.   His complaint requests injunctive relief and damages.

2                                                    **DISCUSSION**

3   A.   Initial Screening

4           The court must dismiss an in forma pauperis action at any time if the court determines

5   that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to

6   state a claim upon which relief may be granted, or seeks monetary relief against a defendant

7   immune from such relief.  See 28 U.S.C. § 1915(e).  Pro se pleadings must be liberally

8   construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

9           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

10   a right secured by the Constitution or laws of the United States was violated and (2) that the

11   violation was committed by a person acting under the color of state law.  See West v. Atkins,

12   487 U.S. 42, 48 (1988).

13           Cheek's complaint must be dismissed under the Heck rule, which precludes a plaintiff

14   from obtaining damages at this time for the alleged constitutional violations in connection

15   with his criminal trial.  Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot

16   bring a civil rights action for damages for a wrongful conviction or imprisonment, or for

17   other harm caused by actions whose unlawfulness would render a conviction or sentence

18   invalid, unless that conviction or sentence already has been determined to be wrongful.  See

19   id. at 486-87.  A conviction or sentence may be determined to be wrongful by, for example,

20   being reversed on appeal or being set aside when a state or federal court issues a writ of

21   habeas corpus.  See id.  The Heck rule also prevents a person from bringing an action that --

22   even if it does not directly challenge the conviction or other decision -- would imply that the

23   conviction or other decision was invalid.  The practical importance of this rule is that a

24   plaintiff cannot attack his conviction in a civil rights action for damages; the decision must

25   have been successfully attacked before the civil rights action for damages is filed.

26

27

28                                                        2

1    <u>Heck</u> applies to detainees under an involuntary civil commitment scheme such as

2    persons committed pursuant to California's SVPA with access to habeas relief. <u>Huftile v.</u>

3    <u>Miccio-Fonseca</u>, 410 F.3d 1136, 1140 (9th Cir. 2005). Such a detainee's claim for damages

4    and/or declaratory relief must be dismissed without prejudice under the rationale of <u>Heck</u> if

5    success on the claim would necessarily imply the invalidity of the detainee's civil

6    commitment. <u>See</u> <u>id.</u> at 1140-41, 1142. <u>Heck</u> therefore bars any for damages for the alleged

7    violations of Cheek's rights in his civil commitment, including his challenges to the amended

8    version of the SVPA that has been applied to him. His cause of action for damages would

9    not accrue until the civil commitment decision is set aside.

10   Cheek's claims for injunctive relief also cannot be considered in this § 1983 civil

11   rights action. A petition for writ of habeas corpus is the exclusive method by which he may

12   challenge the civil commitment in this court. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500

13   (1973).

14   Because any action for damages must be dismissed under <u>Heck</u> and any challenge to

15   the civil commitment must be by way of a habeas petition, this action will be dismissed. This

16   dismissal is without prejudice to Cheek filing a civil action for damages concerning his

17   commitment but not unless and until his commitment has been set aside.

18   B.    The Request To Proceed In Forma Pauperis

19   Cheek's Application To Proceed <u>In Forma Pauperis</u> is DENIED as incomplete.

20   (Docket # 2.) He wrote on his application that he was not a prisoner and therefore was not

21   covered by the PLRA. That may be true, but his <u>in forma pauperis</u> application does not

22   satisfy 28 U.S.C. § 1915(a)'s requirement that a non-prisoner who wishes to proceed as a

23   pauper submit "an affidavit that includes a statement of all assets such prisoner [sic]

24   possesses that the person is unable to pay such fees or give security therefor." Cheek failed

25   to answer the questions on the form inquiring whether he had any cash or other assets and

26   therefore the application is incomplete. Additionally, he did not provide information about

27

28                                              3

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  any inmate trust account that he had.  Although a trust account statement is not mentioned on

2  the non-prisoner pauper application form, it is an appropriate requirement for someone who

3  is in custody and is having some or all of his basic needs met.  For example, if someone in

4  custody has $500 in a trust account and someone out of custody has $500 in a checking

5  account, their overall financial situations likely are not comparable because the person in

6  custody has no housing or food expenses while the person not in custody may have rent,

7  utilities, and food expenses.  Non-prisoner status is not the determining factor in whether a

8  litigant will be allowed to proceed as a pauper.  The court must have information about an

9  applicant's financial wherewithal to decide whether pauper status is appropriate, but Cheek's

10  application does not provide enough information for the court to make the decision.

11  <center>**CONCLUSION**</center>

12         For the foregoing reasons, this action is dismissed without prejudice to Cheek filing a

13  new civil rights action if his civil commitment under the SVPA is ever set aside.

14         Cheek's <u>in forma pauperis</u> application is DENIED as incomplete.

15         The clerk shall mail a copy of this order to plaintiff at the following address that he

16  provided in his complaint as an additional address: Mike Cheek, C/O Bill Wiegle, 2103 N.

17  Pacific Avenue, Santa Cruz, CA 95060.

18         The clerk shall close the file.

19         IT IS SO ORDERED.

20  DATED: July 24, 2007

21                                                    Marilyn Hall Patel
                                                      United States District Judge

22

23

24

25

26

27

28